# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

|  |  |
|---|---|
| **ROBERT KRONENBERG, et. al.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ALLSTATE INSURANCE COMPANY, et. al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:21-mc-00587**<br><br>**United States District Court Judge Ted Stewart**<br><br>**Magistrate Judge Dustin Pead** |

This matter is before the court on nonparty InMoment, Inc.'s (InMoment) Motion to Quash Subpoena Duces Tecum (Motion), issued and served consistent with the requirements of Fed. R. Civ. P. 45(a)(2). (ECF No. 2; ECF No. 22.)[1] Plaintiffs in the action of *Kronenberg v. Allstate Ins. Co.,* case no. 1:18-cv-06899-NGG-JO (E. D. N. Y.) (Underlying Action) oppose the Motion. (ECF No. 24.) InMoment replied. (ECF No. 29.) The parties have not requested transfer of the Motion to the Eastern District of New York, and the court has neither sought input from the parties about transfer nor their consent.

In general, Plaintiffs assert in the Underlying Action that Allstate makes conditional adjustments to undervalue and underpay total loss vehicle claims using market studies produced

---

[1] On December 17, 2021, non-party CCC Intelligent Solutions Inc. (CCC) filed a separate Motion to Join Motion to Quash Subpoena Duces Tecum (Motion to Join). (ECF No. 30.) Plaintiffs oppose the Motion to Join. (ECF No. 31.) CCC filed a reply. (ECF No. 35.) For the reasons stated in this Memorandum Decision and Order, the Motion to Join is also transferred, under Fed. R. Civ. P. 45, to the East District of New York for decision.

by InMoment and CCC. (ECF No. 24.) Currently, Plaintiffs seek copies of communications, documents, or Electronically Stored Information (ESI) from the nonparties about:

**REQUEST**

You are requested to produce any and all "communications, documents or ESI," as those terms are defined above, in your care, custody or control, that constitute the following:

1. Any and all communications between YOU and CCC concerning the valuation of total loss motor vehicles.

2. Any and all documents and data in YOUR possession, custody, or control concerning the derivation, evaluation, verification, use, or potential use of condition adjustments to value total loss motor vehicles by CCC.

(See ECF No. 2-1.) InMoment and CCC claim the requested information is protected under the work-project doctrine.[2] (See generally Motion.) Plaintiffs disagree claiming the information is not protected because the information prepared was done so in the ordinary course of business or if protected, then there is a "substantial need" for the materials and the nonparties have waived the protection. (See generally, ECF No. 24; ECF No. 31.)

This court has carefully considered the parties' written submissions, related case law, and the case file, and reviewed the docket in the Underlying Action to determine that oral argument would not materially assist the court. For the following reasons, the court finds that, under Fed. R. Civ. P. 45(f), exceptional circumstances exist to transfer the motions to the Eastern District of New York for consideration.

---

[2] It is settled law that a document prepared in the ordinary course of business will not be protected even if the party is aware that the document might also be useful in the event of litigation (citations omitted).

**LEGAL ANALYSIS**

Rule 45 allows a court to transfer a subpoena-related motion to the issuing court "…if the [transferring] court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45 does not define "exceptional circumstance" leaving courts to look to the 2013 Committee Note and case law for guidance. When evaluating transfer, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas…." Fed. R. Civ. P. 45(f), Advisory Committee Note (2013 Amendment). Moreover, "…the Court must account for the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation" when considering if exceptional circumstances are present. *Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at *2 (D.D.C. July 31, 2015) (quotation omitted).

The risk of "burdening" the nonparties (InMoment and CCC) is low, in this situation. Plaintiffs seek copies of communications, documents, or ESI, all or most of which can be easily transmitted electronically. InMoment and CCC are large companies with a national, or even global, presence. These entities have retained well-known law firms, like Latham & Watkins, LLP, that regularly litigate lawsuits in many courts across the nation and assist in discovery production in many actions even though its clients may be located in one state and required to produce documents to an entity in another state. In any event, if any burden does exist imposed by transferring the motions, it likely is outweighed by the interest in obtaining an efficient and uniform resolution with respect to application of the work-product doctrine as it applies to the requested materials. Also, improperly withholding the requested material (communications about the total loss vehicle valuation) could impact the merits of the underlying action pending in the Eastern District of New York.

With the risk of burdening the nonparties being low or non-existent, the court will turn its attention to the status of the pending litigation in the Underlying Action. The Underlying Action was filed in December of 2018 and has been pending for 3 years. It is a complex matter claiming Allstate intentionally undervalued total loss vehicles to underplay insureds' claims. The Eastern District of New York court has already denied a motion to dismiss and a motion to strike class allegations. (Underlying Action, ECF No. 33.) The issue of class certification remains undecided.

The New York court also has issued approximately 3 Scheduling Orders (Underlying Action, ECF No 16; ECF No. 34; ECF No. 40) and entered approximately 10 discovery-related orders (excluding Scheduling Orders) that include a protective order between the Plaintiffs and CCC. (Underlying Action, ECF No. 53.) Moreover, CCC and Plaintiffs have engaged in extensive negotiations about production of documents in that case even though CCC is not a party to that action. (Underlying Action, ECF No. 55.) The parties were also ordered to participate in discovery-related mediation as it relates to Electronically Stored Information (ESI). (Underlying Action, ECF No. 54; ECF No. 55 and unnumbered ECF Entries from 11/12/2020 to 01/28/2021.) Even as recently as December 1, 2021, the New York court was asked to resolve a document request dispute that involved CCC. (Underlying Action, ECF No. 65.) The New York Court further ordered that fact discovery closes on 2/18/22. (Underlying Action, unnumbered ECF Entry 12/14/2021).

Considering the Underlying Action may become a class action, it is reasonable to have one court decide discovery-related disputes. Even setting this aside, the New York court has decided numerous discovery-related motions, including entering a Protective Order between CCC and Plaintiffs, which already addresses transmission of ESI. This history places the New

York court in a better position to rule on the motions. Simply put, the New York court is "in a better position to rule on the ... motion ... due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *See generally*, Wultz v. Bank of China, Ltd., 304 F.R.D. 38, 47 (D.D.C. 2014). With fact discovery slated to close next month in the Underlying Action, the New York court is also better positioned to rule on the motions to avoid unnecessary extensions of the discovery scheduled.

## ORDER

Based upon the foregoing reasons, IT IS ORDERED that the Clerk of Court will transfer this matter to the United States District Court for the Eastern District of New York. IT IS FURTHER ORDERED that counsel for Plaintiffs must file a copy of this Order in the Underlying Action within 5 calendar days.

DATED: January 13, 2022.

Dustin B. Pead
U.S. Magistrate Judge